UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEMARCUS GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-484-HBG |
| | ) | |
| TWO DOORS DOWN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal

Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry

of judgment [Doc. 13].

Now before the Court is Defendant's Response to Court's Order Regarding Plaintiff's

Request for Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2) ("Response") [Doc. 41-1].  The Court

ordered Plaintiff to respond on or before June 5, 2020, and he did not do so.  *See* E.D. Tenn. L.R.

7.1 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Accordingly, for the reasons explained below, the Court **DISMISSES** this case **WITHOUT**

**PREJUDICE,** but Plaintiff is **ASSESSED** the costs of this action, specified below, should he choose

to refile this case.

### I.    BACKGROUND

Upon periodic review of this matter, the Court discovered that the parties had not filed their

pretrial order, which was required to be filed on April 6, 2020.  [Doc. 15 at 4].  The Court set the

case for a telephonic status conference on April 15, 2020.  Plaintiff's counsel, Attorney Berg, did

not appear for the telephonic status conference on April 15, and Attorneys Joseph Carter and Sarah

Smith appeared on behalf of Defendant.  *See* [Doc. 34].   During the status conference, Defendant

reported that it had sent Plaintiff's counsel a letter regarding the pretrial order, but Plaintiff's counsel had not responded. [*Id.*]. After the status conference, the Court entered an Order directing Plaintiff to appear telephonically before the Court on April 28, 2020, to show cause why the case should not be dismissed for failure to prosecute. [*Id.*].

On the day of the show cause hearing, April 28, 2020, Plaintiff filed a response [Doc. 36], stating that his counsel had computer issues, starting on April 9, 2020. The response requested that the Court grant a dismissal without prejudice or allow Attorney Berg to withdraw from this matter.[1] During the April 28 show cause hearing, Attorney Berg explained that during Plaintiff's deposition, he (counsel) learned information that Plaintiff had not previously disclosed. In addition, Attorney Berg stated that he was having difficulties contacting Plaintiff. Defendant agreed with dismissing this case but requested that such dismissal be with prejudice.

In an Order following the show cause hearing, the Court explained that pursuant to Federal Rule of Civil Procedure 41(a)(2), if an opposing party has served an answer or a motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). [Doc. 38]. During the April 28 hearing, the Court stated that it was inclined to dismiss this case without prejudice, conditioned on Plaintiff paying the costs Defendant incurred in defending this matter. [*Id.*]. The Court noted, however, that prior to dismissing a case without prejudice, a plaintiff must be informed of the specific conditions that will be placed on the dismissal. [*Id.*]. Therefore, the Court ordered Defendant to file the costs it believed it was entitled to should the case be dismissed without prejudice. [*Id.*]. The Court also granted Defendant leave to argue in its filing that the case should

---

[1] As the Court noted in its Order, Plaintiff's counsel did not follow the proper procedure for withdrawing. *See* E.D. Tenn. L.R. 83.4.

be dismissed with prejudice.  [*Id*.].  Finally, the Court directed Plaintiff to respond to Defendant's filing within fourteen days.  [*Id*.].

Defendant's filing was due on May 18, 2020, but no document was filed.  Subsequently, on May 20, 2020, the Court dismissed the case without prejudice and noted that each party should bear their own costs.  [Doc. 40].  A few hours after the Court's Order was entered, Defendant filed the instant Response, stating that counsel did not have full staff and fell behind meeting the deadlines.  [Doc. 41].  The Court permitted Defendant's filing [Doc. 42] and directed Plaintiff to respond on or before June 5, 2020.   Plaintiff did not respond.

## II.    ANALYSIS

The instant Response requests that the case be dismissed with prejudice pursuant to Rule 42(a)(2).  For grounds, Defendant argues that Plaintiff failed to prosecute this action and did not follow the Court's Orders or the Federal Rules of Civil Procedure.  In support of its request, Defendant outlines the chronology of events that transpired between the parties.  *See* [Doc. 41-1 at 2-3].  Defendant asserts that it incurred significant legal fees in an effort to obtain discovery from an uncooperative Plaintiff.  In the alternative, Defendant requests that Plaintiff be required to pay its costs within thirty (30) days of entry of the Court's order as a condition to dismissing this case without prejudice.

The Court will first address Defendant's request to dismiss this case with prejudice and then turn to Defendant's request for costs.

### 1.    Dismissal

As mentioned above, Plaintiff was directed to respond to Defendant's Response and failed to do so.  *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").  Nevertheless, the Court finds dismissing this case without

prejudice is appropriate. As the Court stated in its previous Order, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The decision to allow a voluntary dismissal is only improper if defendant will suffer 'plain legal prejudice' (as opposed to the mere prospect of [a] second lawsuit) as a result." *DirecTV v. Zink*, 337 F. Supp. 2d 984, 989 (E.D. Mich. 2004) (citing *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947)). In determining whether plain legal prejudice will result, courts consider the following four factors:

> (1) a defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal; and (4) whether a defendant has filed a motion for summary judgment

*Id.* (citing *Grover by Grover v. Eli Lilly Co.,* 33 F.3d 716, 718 (6th Cir. 1994)).

The Court has weighed the above factors and finds that Defendant will not suffer plain legal prejudice if the case was dismissed without prejudice. Specifically, in support of its request to dismiss this case with prejudice, Defendant provides a chronology of events. A majority of the events, however, are simply defense counsel's unsuccessful attempts to schedule depositions. At no point, however, did Defendant file a motion to compel or contact the undersigned's Chambers for a discovery dispute conference. *Id.* at 990 ("I note that Defendant did not make any discovery motions (such as a motion to compel) in this case."). In addition, it does not appear that the parties engaged in much discovery. Further, Defendant has submitted some of its expenses in this case ($1,195), and such expenses are not particularly onerous litigation expenses. Thus, the first factor weighs in favor of dismissing without prejudice.

With respect to the second factor, the Court notes that this factor weighs slightly in favor of dismissing this case with prejudice. It appears from Defendant's Response that Plaintiff cancelled depositions on several occasions, in addition to not showing up for his own deposition.

The Court also notes that Plaintiff did not file a file a final witness list and neither party filed the pretrial order. The undersigned's preference, however, is to bring these issues to the Court's attention much earlier. Instead, the Court only discovered that there were issues during its own periodic review of this case. Further, the Court finds that Plaintiff has not sufficiently explained his request for a voluntary dismissal, and therefore, this factor weighs in favor of dismissing this case with prejudice. Finally, the Court notes that Defendant did not file a motion for summary judgment, which favors dismissing this case without prejudice.

Accordingly, the Court has weighed these factors and finds that they weigh in favor of dismissing this case without prejudice. While two factors weigh in favor of dismissing this case with prejudice and the other two factors weigh in favor of dismissing this case without prejudice, the Court notes that the purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions." *Yetman v. CSX Transp., Inc.*, No. 1:08-CV-1130, 2009 WL 35351, at *2 (W.D. Mich. Jan. 6, 2009) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)). Given that there is no evidence that this case was heavily litigated, the Court finds that the most appropriate course of action is to dismiss the case without prejudice.

2. **Costs**

Defendant submits a total of $1,195 in expenses related to the litigation, which Defendant states were reasonably incurred in connection with the preparation of the defense of this matter. Defendant, however, states as follows:

> The Defendant concedes that the expenses related to taking discovery depositions on March 20, 2020, of the Plaintiff and two witnesses disclosed by the Plaintiff would be useful in a subsequent action should that occur. However, the expenses for witness travel fees for the Plaintiff's disclosed witnesses, Megan MacKenzie and Kyle Plotts on November 4, 2019 and November 11, 2019, were

5

incurred for depositions agreed to by the parties which were cancelled by Plaintiff's counsel on the day of the scheduled depositions. Those expenses total $260.00.

[Doc. 41-1 at 2].

"Courts frequently require plaintiffs to pay defense costs as a precondition to the granting of a dismissal without prejudice under Rule 41(a)(2)." *Barron v. Dur-A-Lift, Inc.,* No. 2:12-CV-258, 2014 WL 12788741, at *2 (E.D. Tenn. Mar. 11, 2014) (*DWG Corp. v. Granada Invs. Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992)). Courts have utilized a four-factor test to determine if an award of costs is appropriate:

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action.

*Can IV Packard Square, LLC v. Schubiner*, 768 F. App'x 308, 312 (6th Cir. 2019) (explaining that courts have used the above factors but noting that courts are neither bound nor forbidden from using them).

As an initial matter, and as previously mentioned, the undersigned directed Plaintiff to respond to Defendant's Response, but Plaintiff failed to do so. Given Plaintiff's lack of response and in light of the costs incurred, the Court finds that an award of costs is appropriate. While there is no evidence of bad faith in this case, the Court notes that Plaintiff requested a voluntary dismissal on the eve of trial. Further, it appears that Defendant has only submitted a fraction of its expenses in this case. In addition, Defendant acknowledges that some of the above expenses incurred would be useful in a subsequent action. *J-Rich Clinic, Inc. v. CosMedic Concepts, Inc.*, No. 02-CV-74324-DT, 2005 WL 8154355, at *4 (E.D. Mich. Jan. 13, 2005) ("[A] court should not impose as

6

a condition of dismissal costs and fees for work which will be useful in a subsequent action or for expenses which were unreasonably incurred.").

Accordingly, in light of the above, the Court will award Defendant $260 in expenses. Defendant requests that the Court dismiss this case upon Plaintiff paying such expenses. The Court finds, however, that such expenses will only be imposed if Plaintiff chooses to refile this action. *See Barron*, 2014 WL 12788741, at *3 (granting a dismissal without prejudice but awarding costs and noting that such costs will only be imposed if the plaintiff chooses to refile this action) (citing Fed. R. Civ. P. 41(d) and *Yetman*, 2009 WL 35351, at *3).

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. Should Plaintiff choose to refile this action, he will be charged the $260 that the Defendant incurred in defending this matter.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

7